UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: FCA US LLC "LETTER 311" LABOR
CONTRACT LITIGATION                                                                 MDL No. 3142

ORDER DENYING TRANSFER

**Before the Panel:** Common plaintiff FCA US LLC (Stellantis)[1] moves under 28 U.S.C. § 1407 to centralize this litigation in the Eastern District of Michigan. The litigation consists of eleven actions pending in eleven districts, as listed on Schedule A.[2] The International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW) and the UAW local union defendants[3] oppose centralization and, alternatively, request centralization in the Central District of California.

On the basis of the papers filed and the hearing session held, we conclude that Section 1407 centralization is not necessary for the convenience of the parties and witnesses or to further the just and efficient conduct of the litigation. Stellantis brought these actions seeking a declaration that the UAW and its locals had filed "sham" grievances and unlawfully threatened mid-contract strikes over Stellantis's failure to make certain investments in plants in Belvedere, Illinois, and Detroit. Stellantis argues that the grievances and threatened strikes are based on a willfully incorrect reading of "Letter 311 U.S. Investment," which is incorporated in the parties' collective bargaining agreement (CBA). Letter 311, signed in October 2023, lists investments that Stellantis planned to make in certain facilities, "subject to approval by the Stellantis product Allocation Committee and contingent upon plant performance, changes in market conditions, and consumer demand continuing to generate sustainable and profitable volumes for all of the U.S. Manufacturing facilities." Stellantis asks that damages be awarded if a work stoppage occurs.

---

[1] FCA US LLC's ultimate parent corporation is Stellantis N.V.

[2] Twelve actions were listed on the motion but the first-filed action, in the Central District of California, was dismissed on the pleadings on February 6, 2025.

[3] The International UAW is a defendant in all actions. Each action also names one or more of UAW Local Unions 12, 51, 125, 186, 230, 372, 412, 422, 492, 509, 573, 685, 868, 869, 889, 1166, 1178, 1264, 1268, 1284, 1435, 1761, and 2360.

- 2 -

Centralization is not warranted for several reasons. The actions involve virtually identical allegations and claims, differing only in that each names a different UAW local or locals.[4] In each action, Stellantis seeks a declaration that the union's conduct "expressly conflicts" with the terms of Letter 311 and that any strike would breach the CBA. Stellantis argues that its claims will require discovery of communications between union officials regarding their intent and understandings about the grievances and strike threats, as well as communications by union officials to government officials, media, or others to further the union's alleged bad faith publicity campaign. Stellantis adds that discovery may involve deposing the highest-ranking officials of both the international and local unions. It is difficult for us to see why this is so. The requested relief will turn on the interpretation of Letter 311 and the CBA. These are primarily legal—not factual--issues, whose resolution should require little, if any, discovery. As we repeatedly have stated, "[c]ommon legal questions are insufficient to satisfy Section 1407's requirement of common factual questions." *In re ABA Law School Accreditation Litig.*, 325 F. Supp. 3d 1377, 1378 (J.P.M.L. 2018). *See also In re Real Estate Transfer Tax Litig.*, 895 F. Supp. 2d 1350, 1351 (J.P.M.L. 2012) (declining to centralize ten actions because "[m]erely to avoid two federal courts having to decide the same issue is, by itself, usually not sufficient to justify Section 1407 centralization") (cleaned up; internal citation omitted).

Moreover, Stellantis's requests for declaratory relief based on the unions' "pending grievances," and damages resulting from "any work stoppage," may be moot, or at least premature. The UAW defendants have withdrawn all grievances and have not proceeded with the multi-step process required under the CBA and UAW Constitution before they may strike. Stellantis notes that the grievances were withdrawn without prejudice, but at this point it is a matter of speculation whether any further grievances will be filed and whether any strike will be authorized. We have previously declined to centralize litigation where changes in the underlying facts made it difficult "to predict the contours of the litigation, and whether centralization [would] be beneficial." *In re Pilot Flying J Fuel Rebate Contract Litig.*, 959 F. Supp. 2d 1373, 1374 (J.P.M.L. 2013). *See also In re U.S. Postal Servs. Next Generation Delivery Vehicle Acquisitions Program Rec. of Decision Litig.*, 640 F. Supp. 3d 1410, 1411 (J.P.M.L. 2022) ("centralization at this time would not be appropriate" where the challenged acquisition plans had changed significantly).

Finally, informal coordination appears feasible. Although eleven actions remain pending in eleven districts,[5] both Stellantis and the International UAW are parties in all actions. Stellantis

---

[4] Stellantis states that it was necessary to file twelve actions in twelve districts to obtain personal jurisdiction over the various local unions involved. The UAW defendants assert that Stellantis could have brought its claims in a single action because, under the terms of the CBA, none of the locals can strike without the permission of the International UAW.

[5] The UAW defendants have moved in all actions outside the Central District of California for transfer to that district, or alternatively to stay or dismiss, under the first-to-file rule. One action filed in the District of Massachusetts was transferred to the Central District of California on January 28, 2025, where it was related to the first-filed *Local 230* action before Judge Kenly Kiya Kato. Judge Kato dismissed *Local 230* on February 6, 2025, on the ground that Stellantis's claims were not ripe.

- 3 -

and the UAW defendants are represented by national counsel in all actions. No potential tag-along actions have been filed since Stellantis sought centralization, and the prospect of additional case filings seems dim. In these circumstances, the parties should be able to informally coordinate any discovery that is needed by, for example, cross-noticing depositions, stipulating that discovery be usable in all actions, and seeking orders from the involved courts directing coordination of pretrial efforts. *See, e.g., In re Recore Antitrust Litig.*, 730 F. Supp. 3d 1355, 1357 (J.P.M.L. 2024) (citing *In re Eli Lilly & Co. (Cephalexin Monohydrate) Pat. Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978)).

It is therefore ORDERED that the motion for centralization of these actions is denied.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Nathaniel M. Gorton  Matthew F. Kennelly
David C. Norton  Roger T. Benitez
Dale A. Kimball  Madeline Cox Arleo

**IN RE: FCA US LLC "LETTER 311" LABOR CONTRACT LITIGATION**                                                                MDL No. 3142

### SCHEDULE A

<u>District of Arizona</u>

FCA US LLC v. THE INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), ET AL., C.A. No. 3:24−08187

<u>Central District of California</u>

FCA US LLC v. THE INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), ET AL., C.A. No. 2:25−00733

<u>District of Colorado</u>

FCA US LLC v. THE INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), ET AL., C.A. No. 1:24−02782

<u>Northern District of Georgia</u>

FCA US LLC v. THE INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), ET AL., C.A. No. 1:24−04562

<u>Northern District of Illinois</u>

FCA US LLC v. THE INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, ET AL., C.A. No. 1:24−09574

<u>Southern District of Indiana</u>

FCA US LLC v. THE INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), ET AL., C.A. No. 1:24−01755

<u>Eastern District of Michigan</u>

FCA US LLC v. THE INTERNATIONAL UNION, UNITED AUTOMOBILE,

-A2

AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), ET AL., C.A. No. 2:24−12632

District of Minnesota

FCA US LLC v. THE INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), ET AL., C.A. No. 0:24−04041

Northern District of Ohio

FCA US LLC v. THE INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW), ET AL., C.A. No. 3:24−01728

District of Oregon

FCA US LLC v. THE INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, ET AL., C.A. No. 3:24−01698

Northern District of Texas

FCA US LLC v. THE INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, C.A. No. 3:24−02506